IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JEREMY WAYNE ATKINS, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Case No. 3:25-cv-02187-K-BT |
| | § | |
| STATE OF TEXAS, et al., | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this *pro se* case was referred to the United States magistrate judge for case management, including the entry of findings and a recommended disposition where appropriate. Upon review of the relevant pleadings and applicable law, this action should be **DISMISSED WITH PREJUDICE** as frivolous and malicious.

On August 12, 2025, Jeremy Wayne Atkins filed a *pro se* complaint (ECF No. 3) against Defendants State of Texas, Hunt County, and Keli Aiken. Atkins claims that he faced an "unlawful arraignment attempt . . . without arrest, formal service, or personal jurisdiction" in a Hunt County criminal proceeding. Compl. at 1. He asks that the Court issue a temporary restraining order (TRO) and preliminary injunction "prohibiting any further criminal proceedings or issuance of warrants" in his criminal case. *Id.*

As already explained by the District Judge, Atkins recently sought nearly identical relief in this Court in a case involving the same parties. Order at 1 (ECF

No. 7) (citing *Atkins v. Aiken*, 3:25-cv-1673 (N.D. Tex. June 29, 2025)). Indeed, he previously requested a TRO "immediately halting prosecution, hearings, and arraignment in Hunt County Case No. 35491CR." *Atkins v. Aiken*, 3:25-cv-1673, TRO at 2 (ECF No. 1). The Court denied this request and dismissed the case *sua sponte* for failure to state a claim. *See id.*, Judgment (ECF No. 69). Atkins appealed this judgment to the Fifth Circuit on August 2, 2025. *See id.*, Notice of Appeal (ECF No. 70). The Fifth Circuit denied this appeal on December 9, 2025. *See id.*, Order of USCA (ECF No. 88).

Thus, Atkins's complaint in this action is subject to review for frivolousness under 28 U.S.C. § 1915(e)(2)(B).

"IFP complaints may be dismissed as frivolous when they seek to relitigate claims which allege substantially the same facts arising from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff." *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989). That is the case here, where Atkins's allegations are a duplicate of the claims previously dismissed by this Court.

Even under the most deferential review, the Court concludes that Atkins merely reasserts his previous claims relating to his purported injury, which arose from the same facts and course of events and involved the same Defendant. Despite Atkins's attempt to add the State of Texas and Hunt County as parties, he is still unable to state a claim for relief. *See Lewis v. Williamson Cnty.*, No. 24-50461,

2024 WL 4930392, at *2 (5th Cir. Dec. 2, 2024) (finding the action duplicative despite the plaintiff's attempt to add new allegations because the complaint arose from the same incident).

Thus, this action is duplicative and should be **DISMISSED WITH PREJUDICE** as frivolous and malicious. *See* 28 U.S.C. § 1915(e)(2)(B).

SO RECOMMENDED.

December 16, 2025.

                                      REBECCA RUTHERFORD
                                      UNITED STATES MAGISTRATE JUDGE

# INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).